UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN JOHNSTON,                                         Case No. 1:12-cv-232

       Plaintiff,                                            Beckwith, J.
v.                                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

The procedural history of this case was recently set forth in the Court's order of September 5, 2012, but is repeated herein for the convenience of this Court.

**I. Background**

On March 21, 2012, Plaintiff tendered a *pro se* complaint in this court[1] seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Plaintiff's motion to proceed *in forma pauperis* was granted on April 3, 2012, and on June 18, 2012, the Commissioner filed and served its answer and a certified copy of the administrative record, including the transcript of the hearing held before the administrative law judge.[2]  On June 21, 2012, the Court transmitted a letter to Plaintiff

---

[1] The record reflects that Plaintiff mailed his documents to the Office of the Clerk of Court in Dayton, without including USM 285 forms. The original documents were forwarded to the Cincinnati Clerk, and Plaintiff was advised to file future documents in that office.

[2] Plaintiff was represented by counsel during administrative proceedings.

notifying him that the Court could attempt to obtain free legal representation on Plaintiff's behalf, selected from a panel of attorneys who have indicated their willingness to engage in *pro bono* representation of *pro se* social security claimants seeking judicial review in this Court.  However, due to the sensitivity of social security records, a *pro se* litigant seeking Court-appointed attorney representation must confirm his desire for Court-appointed legal representation, if available, by signing and returning an affidavit of authorization that permits the Court to transmit Plaintiff's record to the attorney for review.

Plaintiff was initially asked to return the authorization by July 9, 2012, but failed to do so.  On July 13, 2012, Plaintiff contacted the Court to request a belated extension of time in which to advise this Court whether he seeks the assistance of Court-appointed counsel.  The Court granted Plaintiff's request for additional time to August 13, 2012, but Plaintiff has yet to return the necessary authorization, or to notify this Court whether he does or does not seek this Court's assistance in appointing counsel.

When a Plaintiff seeks to appeal a denial of social security benefits, he must explain to this Court the basis on which he seeks to overturn the Commissioner's decision.  Absent an extension of time, a Plaintiff must file a "Statement of Errors" within forty-five (45) days of service of the answer and administrative record.  *See, e.g.,* Magistrate Judges' General Order Concerning Social Security Appeals (February 21, 2012).  The deadline for filing a Statement of Errors expired on August 2, 2012, with no Statement having been filed to date.

Plaintiff sought and was granted an extension of time in which to advise the

Court whether he seeks counsel, but he did not seek and was not granted a concurrent extension of time for filing his Statement of Errors. In this Court's last Order, the Court acknowledged that "an implicit extension of time for filing his Statement of Errors may have been reasonable during the time in which Plaintiff was considering whether to accept the Court's offer to assist him in seeking counsel,[3]" but noted that more than two months had elapsed without Plaintiff advancing his case either by timely returning the authorization for attorney review, or by filing a Statement of Errors. Therefore, in the Order filed on September 5, 2012, the Court directed Plaintiff to "**show cause**, on or before **September 21, 2012**, for his failure to either authorize attorney review, or to file a timely Statement of Errors." (Doc. 9). The Court explained that "[u]pon a timely showing of good cause, the Court will accept a belated Statement of Errors to be tendered as an exhibit to Plaintiff's explanation of cause, on or before **September 24, 2012**." (*Id.*). Plaintiff was explicitly forewarned that his "failure to comply with this order may result in the recommended dismissal of Plaintiff's case for failure to prosecute." (*Id.*). Despite this warning, Plaintiff has failed to respond to the "show cause" Order

**II. Analysis**

Just as Plaintiff previously failed to respond to the Court's invitation to obtain review of Plaintiff's records by an attorney willing to consider representing Plaintiff

---

[3] As the Court's June 21, 2012 letter explained, Plaintiff's authorization for attorney review does not guarantee the appointment of counsel. Attorneys listed on the *pro bono* social security panel may accept or decline representation in any given case. The authorization merely acknowledges the *pro se* litigant's desire to accept the Court's referral to the pro bono panel, and permits an attorney to review the otherwise confidential records. If the attorney declines representation after review, the pro se litigant must continue prosecution of his social security appeal without representation by Court appointed counsel.

3

without cost, Plaintiff has now failed to respond to the Court's final "show cause" Order. More than six months have elapsed without Plaintiff doing anything to advance his case beyond the filing of a one-page form, indicating that he seeks to appeal the denial of an application for benefits. Plaintiff has repeatedly failed to comply with Orders from this Court, designed to assist Plaintiff by obtaining free counsel on Plaintiff's behalf, and/or by explaining to Plaintiff what he must do (i.e. file a Statement of Errors) to have his case heard. This Court cannot assist litigants who fail to comply with orders and who do nothing to assist themselves.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** for failure to prosecute, based upon Plaintiff's failure to comply with the Orders of this Court, including but not limited to his failure to file a Statement of Errors. Following dismissal, this case should be **CLOSED**.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN JOHNSTON,　　　　　　　　　　　　　　　　Case No. 1:12-cv-232

　　　　Plaintiff,　　　　　　　　　　　　　　　　　　Beckwith, J.
　v.　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).