UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kevin Johnston, | : | Case No. 1:12-cv-232 |
| Plaintiff, | : | |
| vs. | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**ORDER**

Before the Court is Plaintiff's objection to the Report and Recommendation of the Magistrate Judge.  (Doc. 12)

Proceeding pro se, Plaintiff filed a one-page form complaint seeking review of the Commissioner's decision denying him benefits under the Social Security Act.  (Doc. 3)  The Commissioner answered the complaint and filed the certified administrative record on June 18, 2012.  (Docs. 6, 7)  Plaintiff was notified in writing of the Court's offer to procure an attorney who would review Plaintiff's case without charge to him.  In order to proceed with that review, Plaintiff was required to return an affidavit permitting disclosure of his confidential materials to that attorney.  (Doc. 8)  Plaintiff contacted the Court on July 13, asking for additional time in which to advise the court if he wanted the assistance of counsel,

and he was given until August 13.  On August 20, Plaintiff called the court and asked that another copy of the letter and affidavit be mailed to him; the extra copies were mailed the same day.

On September 5, the Magistrate Judge issued an order to show cause to Plaintiff, because he had not returned the authorization form and had not filed a statement of specific errors relating to his appeal.  (Doc. 9)  The Order required Plaintiff to show cause, prior to September 21, for his failure to return the attorney authorization and/or to file a statement of specific errors.  The order also permitted Plaintiff to file his statement of errors by September 24.   Plaintiff did not respond to the show cause order, and the Magistrate Judge therefore recommended that his case be dismissed for failure to prosecute.  (Doc. 10)

Plaintiff filed an objection to the Report, stating that he has been ill since 2006, and thought he would have an attorney to help him.  He claims there are "false statements" in the transcript of his case, and he cannot understand why there are problems.  The Commissioner's response (Doc. 13) notes that Plaintiff managed to timely file an objection to the report but has not attempted to explain his failure to comply with prior orders and deadlines imposed by the Court.

Every plaintiff, including one appearing pro se, has an obligation to diligently prosecute his claims.  Plaintiff was offered the assistance of the court in

obtaining an attorney to review his case, and he has been granted several extensions of time in which to comply with his obligations.  Despite these efforts, Plaintiff has failed to do anything to move his case forward.  This case has now been pending for seven months without progress.  Plaintiff's objection to the Magistrate Judge's recommendation fails to explain his conduct, and fails to show good cause to excuse his conduct or to give Plaintiff even more time.  His objection also fails to respond to the show cause order, as Plaintiff has not authorized a court referral to an attorney and has not even suggested any specific errors in the administrative transcript.

For all of these reasons, this Court agrees with the Magistrate Judge's recommendation.  Pursuant to Fed. R. Civ. Proc. 41(b), Plaintiff's complaint is dismissed for failure to prosecute.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: November 5, 2012         s/Sandra S. Beckwith
                                Sandra S. Beckwith
                                Senior United States District Judge